

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROL'S DAUGHTER HOLDINGS, LLC,

    Plaintiff,

v.

CAROL'S EXPRESS LLC, CVS PHARMACY, INC., TURNS & TRENDS, INC., and DONYALE JERMAINE BUSH,

    Defendants.

No. 08-CV-8498 (GBD)(AJP)

### ORDER TO SHOW CAUSE AS TO WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Upon the Amended Complaint herein, the annexed declarations of Lisa Price sworn to October 8, 2008, and Lori Haram, sworn to October 8, 2008, the exhibits thereto, and the Memorandum of Law filed herewith, it is:

ORDERED, that the defendant Carol's Express LLC ("Carol's Express"), CVS Pharmacy, Inc. ("CVS"), and Turns & Trends, Inc. ("Turns & Trends") show cause before this Court at Courtroom 15D United States Courthouse, 500 Pearl Street, New York, New York 10007 at 9:45 o'clock A.M. on October 23, 2008, or as soon thereafter as counsel can be heard, why a preliminary injunction should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, enjoining the defendants Carol's Express, Turns & Trends, CVS and any respective affiliates, subsidiaries and related entities, agents, servants, attorneys, employees, officers and all persons and entities in active concert and privity with them, pending the final hearing and determination of this action:

    (1)    from directly or indirectly violating the rights of plaintiff Carol's Daughter

ny-836599

Holdings, LLC, ("Carol's Daughter") under 15 U.S.C. § 1114, including manufacturing, importing, exporting, distributing, advertising, offering for sale or selling any goods throughout the world which are likely to cause confusion, mistake or to deceive as to the origin, sponsorship, approval or association with plaintiff Carol's Daughter's trademarks, attached hereto as Exhibits ____ and ____ and to the Amended Complaint in this action as Exhibits ____ and ____ ("the Carol's Daughter Marks");

 (2) from directly or indirectly violating the rights of plaintiff Carol's Daughter under 15 U.S.C. § 1116, including manufacturing, importing, exporting, distributing, advertising, offering for sale or selling any goods throughout the world which are likely to cause confusion, mistake or to deceive as to the origin, sponsorship, approval or association with plaintiff's Carol's Daughter Marks;

 (3) from directly or indirectly violating the rights of plaintiff Carol's Daughter under 15 U.S.C. § 1125, including manufacturing, importing, exporting, distributing, advertising, offering for sale or selling any goods throughout the world which are likely to cause confusion, mistake or to deceive as to the origin, sponsorship, approval or association with plaintiff's Carol's Daughter Marks;

 (4) from directly or indirectly violating the rights of plaintiff Carol's Daughter, under New York State common law, including manufacturing, importing, exporting, distributing, advertising, offering for sale or selling any goods throughout the world which are likely to cause confusion, mistake or to deceive as to the origin, sponsorship, approval or association with plaintiff's Carol's Daughter Marks;

 (5) requiring as a condition of a preliminary injunction that the defendant Carol's Express recall from its customers and commerce and that both Carol's Express and CVS deliver

to plaintiff Carol's Daughter or to its agent(s) for impounding during the pendency of this action, all infringing trade dress, promotional materials, advertising and sales materials relating to infringing products manufactured and/or sold in violation of plaintiff Carol's Daughter's exclusive rights, and infringing plaintiff's Carol's Daughter Marks;

    (6)    from destroying, altering, disposing of, moving, removing, concealing, tampering with or in any manner secreting any and all business records, invoices, lists of purchasers, lists of manufacturers, correspondence, customer lists, books of account, receipts or other documentation, wherever located, relating or referring in any manner to the manufacture, importation, exportation, distribution, advertising, offering for sale, sale receiving, acquisition, purchase of any merchandise similar to plaintiff's Carol's Daughter Marks;

    (7)    from assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (6) above; and it is further

ORDERED, that service of a copy of this Order to Show Cause, with the underlying papers upon which it was granted, together with the Summons and Complaint filed on October 3, 2008, and the Amended Complaint, dated October 8, 2008, shall be deemed good and sufficient ✓ service if made on or before October _10_, 2008 at _4:00_ P.M. upon defendants Carol's Express, Turns & Trends, and CVS, by delivering a copy of the same by overnight express courier and by electronic mail to defendants as follows:

**Carol's Express LLC and Turns & Trends, Inc.:**

Burton S. Ehrlich, Esq.
Ladas & Parry LLP
224 South Michigan Avenue, Suite 1600
Chicago, IL 60604

**CVS Pharmacy, Inc.:**

CVS Pharmacy, Inc.
General Counsel
One CVS Drive
Woonsocket, Rhode Island, 02895

and it is further:

ORDERED that answering papers, if any, be filed with this Court and delivered by overnight express courier upon plaintiff Carol's Daughter by serving their counsel, Morrison & Foerster LLP, att: Rory J. Radding, Esq.,1290 Avenue of the Americas, New York, New York 10104 on or before October  17 , 2008 at  4:00  o'clock P.M. and hand delivering a copy to the Court's chambers by that time,

The defendants Carol's Express, Turns & Trends and CVS are hereby put on notice that failure to attend the show cause hearings scheduled herein may result in the immediate issuance of the preliminary injunction, and shall extend during the pendency of this suit the same injunctive relief.

4

ny-836599

The defendants Carol's Express, Turns & Trends and CVS are hereby further notified of the terms of such preliminary injunction, and that any act by them in violation of any of its terms may be considered and prosecuted as contempt of this Court.

~~The parties shall meet and confer in person no later than _____ P.M. on October _____, 2008, to resolve all issues presented here.~~ (JBD)

Dated: New York, New York
October 8, 2008

OCT 0 9 2008.   _George B. Daniels_
GEORGE B. DANIELS, U.S.D.J
**HON. GEORGE B. DANIELS**

Issued: October _9_, 2008, at _11:30_ A.M.

5

ny-836599