Edward P. Kelly (8340)
Tiajoloff & Kelly
The Chrysler Building, 37th Fl.
405 Lexington Avenue
New York, New York 10174
Tel.: (212) 490-3285
Fax: (212) 490-3295

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL'S DAUGHTER HOLDINGS, LLC<br><br>Plaintiff,<br><br>v.<br><br>CAROL'S EXPRESS LLC, CVS PHARMACY, INC., TURNS & TRENDS, INC., and DONYALE JERMAINE BUSH,<br><br>Defendants. | 08 CV-8498 (GBD) (AJP)<br>ECF Case |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO ORDER TO SHOW CAUSE AS TO WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Counsel
Burton E. Ehrlich, Esq.
Ladas & Parry
224 South Michigan Ave.
Chicago, IL 60604

Edward P. Kelly, Esq.
Tiajoloff and Kelly
The Chrysler Building-37th Floor
405 Lexington Ave.
New York, NY 10174

Attorneys for Defendants
Carol's Express LLC, CVS Pharmacy, Inc.,
Turns & Trends, Inc., and
Donyale Jermaine Bush, Defendants

# TABLE OF CONTENTS

Page

I. INTRODUCTION..........................................................................................................4

II. SUMMARY OF ARGUMENT....................................................................................4

    A.  Plaintiff's *Undisclosed*, Significant and Unreasonable
        Delay Undercuts any Claim Of Irreparable Harm......................4

    B.  There is No Need for an Injunction-Defendants Discontinued the
        Sale of Allegedly Infringing Products ............................................4

III. STATEMENT OF RELEVANT FACTS.................................................................5

IV. ARGUMENT...............................................................................................................6

    A. Plaintiff Unreasonably Delayed in Seeking this Relief......................6

    B. Plaintiff is Not Likely to Succeed on the Merits – In Any Event, Any
        Infringement is in the Past ..........................................................7

VI. CONCLUSION............................................................................................................8


## TABLE OF AUTHORITIES

### FEDERAL CASES

Page

*Kammerling v. Massanari*, 295 F. 3d 206 (2d Cir. 2002)..................................................6

*GTE Corp. v. Williams*, 731 F. 2d 676 (10th Cir. 1984)...................................................6

*Gillette Co. v. Ed Pinaud, Inc.*, 178 F. Supp. 618 (S.D.N.Y. 1959).................................6

*Le Sportsac, Inc. v. Dockside Research, Inc.*, 478 F. Supp. 602 (S.D.N.Y. 1979)..........6

*Citibank N.A. v. City* Trust 756 F. 2d 273 (2d Cir. 1985).................................................7

*Christopher Norman Chocolates, Ltd. v. Schokinag Chocolates N. Am., Inc.*, 270 F. Supp. 2d 432 (S.D.N.Y.2003).............................................................................. 7, 8

## I. INTRODUCTION

Defendants Carol's Express LLC, CVS Pharmacy, Inc., Turns and Trends, Inc., and Donyale Jermaine Bush (hereinafter "Defendants" unless each is referred to individually) oppose Plaintiff's Motion for a Preliminary Injunction.

## II. SUMMARY OF ARGUMENT

Plaintiff's motion for preliminary injunction must be denied because:

### A. Plaintiff's *Undisclosed*, Significant and Unreasonable Delay Undercuts Any Claim of Irreparable Harm

(1) Plaintiff significantly delayed almost 13 weeks in bringing this motion, thereby undercutting any real claim that Plaintiff is being irreparably harmed (Plaintiff has failed to disclose certain communications of its prior counsel with Defendants regarding this claim and Plaintiff's unreasonable delay);

### B. There is No Need For an Injunction - Defendants Discontinued the Sale of Allegedly Infringing Products

(1) There is nothing to enjoin in this case. Defendants Carol's Express and Turns & Trends, Inc., have already confirmed that they only produced a limited amount of the allegedly infringing products and that they are no longer distributing the allegedly infringing products and have no inventory of these products. The allegedly infringing products have been sold, and any de minimis amount of products that could still be on sale in CVS would not justify imposing a preliminary injunction;

(2) Defendants deny Plaintiff's claims of infringement, but to the extent that there could have been an infringement, it is in the past. There is no further significant harm that needs to be addressed by a preliminary injunction motion.

### III. STATEMENT OF RELEVANT FACTS

Plaintiff has failed to disclose certain prior correspondence with Defendants which demonstrates a lack of urgency to their trademark infringement claim and unreasonable delay in bringing this motion.

Plaintiff's prior counsel, Jones Day Law Firm, *first* contacted Defendants Carol's Express and Turns & Trends, Inc. regarding Plaintiff's allegations of trademark infringement on July 28, 2008 (See Exhibit 1 to Kelly Declaration). The next day, Jones Day sent a letter dated July 29, 2008 to Defendant CVS, but this letter only advised of an investigation into the Carol's Express product, and was not a request to cease and desist from the sale of allegedly infringing products. Nor was this letter a request for an urgent response. (See Exhibit 5 to Declaration of Lori Haram)

Defendants Carol's Express and Trends & Turns responded to the July 28 letter on August 11, 2008, advising the Jones Day Law Firm, *inter alia,* that Defendants' product line under the mark Carol's Express was a very limited edition product line which had already been discontinued, and that Defendants possessed no remaining inventory, as well as they would not reintroduce the item with the same mark (See Exhibit 2 to Kelly Declaration). ***Plaintiff makes no mention of this in their request for preliminary relief.***

The parties exchanged correspondence again when Plaintiff's prior counsel, Jones Day, requested samples of Defendants' products by letter of August 13, 2008 (See Exhibit 3 to Kelly Declaration). The Jones Day August 13, 2008 letter showed no sign of urgency of a claim to irreparable harm. *Pictures* of Defendants' Carol Express products were provided to Plaintiff's prior counsel, Jones Day by email, on September 4, 2008. ***This correspondence is also not disclosed in Plaintiff's moving papers***. Now, Plaintiff moves for extraordinary relief more than 12 weeks after its initial investigation into its claim. Defendants heard nothing further from

Plaintiff until Plaintiff served a Notice of Motion to Show Cause on October 9, 2008 through Plaintiff's new counsel.

## IV. ARGUMENT

### A. Plaintiff Unreasonably Delayed in Seeking this Relief

To obtain a preliminary injunction, the moving party has the burden of showing (a) irreparable harm and (b) either (1) likelihood on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. *Kammerling v. Massanari*, 295 F. 3d 206, 214 (2d Cir. 2002)

Preliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights. Delay in seeking enforcement of those rights, however, tends to indicate a reduced need for such drastic, speedy action. *Gillette Co. v. Ed Pinaud, Inc.*, 178 F. Supp. 618, 178 F. Supp. 618, 622 (S.D.N.Y. 1959). Accord *Le Sportsac, Inc. v. Dockside Research, Inc.*, 478 F. Supp. 602, 609 (S.D.N.Y. 1979). Significant delay in applying for injunctive relief in a trademark case tends to neutralize any presumption that infringement alone will cause irreparable harm pending trial, and such delay alone may justify denial of a preliminary injunction for trademark infringement. *GTE Corp. v. Williams*, 731 F. 2d 676, 678 (10th Cir. 1984). Here, Plaintiff significantly delayed and, in any event, there is no need for an injunction.

There is no need for urgent relief in the present case. Plaintiff waited nearly 13 weeks to file for this preliminary extraordinary relief. Plaintiff's delay belies any claim that it is being irreparably harmed. Additionally, during those 13 weeks Plaintiffs were assured by Defendants'

counsel that Defendants had discontinued the sale of the allegedly infringing products and there was no remaining inventory of these products (See Kelly Declaration, ¶3).

Plaintiff's prior counsel then requested to review a sample of Defendants' product bearing the Carol's Express mark. Defendants' counsel provided only pictures of such products, as they had been discontinued and no inventory existed. Defendants' counsel never received any response until this action. The conduct of Plaintiff's counsel did not evidence that Plaintiff was suffering irreparable harm. Moreover, Plaintiff waited almost 13 weeks to file this motion.

Courts in this jurisdiction have stated that a delay of even 10 weeks would constitute an unreasonable delay that would presume that a Plaintiff is not being irreparably harmed. See *Citibank N.A. v. City Trust* 756 F. 2d 273 (2d Cir. 1985); *Christopher Norman Chocolates, Ltd. v. Schokinag Chocolates N. Am., Inc.*, 270 F. Supp. 2d 432 (S.D.N.Y. 2003).

### B. Plaintiff is Not Likely to Succeed on the Merits – In Any Event, Any Infringement is in the Past

Plaintiff is not likely to succeed on the merits because, *inter alia,* the marks are not identical and, in fact, are distinguishable. The products bearing the marks are sold in different channels of trade. Defendants' product is only sold in CVS retail stores and Plaintiff does not sell products in these stores.

In any event, however, any alleged infringement is in the past because, as stated above, the allegedly infringing product has been discontinued. As presently advised, the amount of the allegedly infringing products that could have been sold to CVS does is only about $75,000 or less and this represents the total amount of sales spread over all CVS stores only. A de minimis amount, if any, could remain and this does not support a claim for extraordinary relief. The purpose of a preliminary injunction in a trademark case is to protect the trademark owner from losing control over the reputation of its mark pending trial. See *Christopher Norman Chocolates,*

*Ltd. v. Schokinag Chocolates N. Am., Inc.*, 270 F. Supp. 2d 432 (S.D.N.Y. 2003) Therefore, the right to a preliminary injunction presumes that there is some material infringement in the market. That is not the case here. Any de minimus sale of allegedly infringing products that could be in CVS does not warrant injunctive relief because such sale would not have a material effect on the trademark owner's mark.

## V. CONCLUSION

For the foregoing reasons, Defendants must be denied.

Respectfully Submitted,

Edward P. Kelly, Esq. (EK 8340)
Tiajoloff and Kelly
The Chrysler Building-37th Floor
405 Lexington Ave.
New York, NY
10174
(212) 490-3285
Fax: (212) 490-3295

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October 2008, a copy of the foregoing:

-Defendants memorandum in opposition to motion for Preliminary Injunction ;

-Declaration of Edward P. Kelly, Esq., .

was filed with the clerk of the United States District Court for the Southern District of New York and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

_____
Edward P. Kelly

24